```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA


DANNY L. HUGHES,                      )    3:10-CV-285-ECR-RAM
                                      )
     Plaintiff,                       )    MINUTES OF THE COURT
                                      )
vs.                                   )    DATE: December 7, 2010
                                      )
KARI LEPORI CORDISCO, WASHOE COUNTY   )
DEPUTY DISTRICT ATTORNEY, STATE OF    )
NEVADA; and JOHN DOES I-X, inclusive  )
                                      )
     Defendants.                      )
                                      )
_____)


PRESENT:     EDWARD C. REED, JR.                 U. S. DISTRICT JUDGE

Deputy Clerk:    COLLEEN LARSEN      Reporter:      NONE APPEARING

Counsel for Plaintiff(s)                NONE APPEARING

Counsel for Defendant(s)                NONE APPEARING
```

MINUTE ORDER IN CHAMBERS

     Plaintiff Danny L. Hughes, acting pro se, filed the present lawsuit against Defendant Kari Lepori Cordisco, Washoe County Deputy District Attorney, alleging claims of "Civil Fraud under Cover of Authority," "Conspiracy to Defraud under Cover of Authority," and "Invasion of Privacy under Cover of Authority," and "Intentional Infliction of Emotional Distress."

     The allegations largely pertain to a demand letter, served on a company with whom Plaintiff conducted contract work, requesting the company withhold Plaintiff's wages for payment of past due child support. Plaintiff contends the underlying court order was illegal and issued without jurisdiction. Plaintiff also alleges that he was not provided with a copy of the demand in an effort to thwart a legal challenge. Plaintiff's theory is that "Ms. Cordisco was simply conducting this illegal act against the Plaintiff, under cover of her authority, as a means of collecting money as a political favor for her colleague, Ms. Stephanie Grimm, a case worker

in the Washoe County District Attorneys' office . . . ."  (Compl. ¶ VI (#1).)  Plaintiff also alleges that Defendants used their positions to gain access to Plaintiff's income tax returns and other sources to determine the source of his income.

    Defendant puts forth two arguments in favor of dismissal.  First, she contends that Plaintiff has not alleged a valid federal claim and thus we do not have jurisdiction over this lawsuit.  Second, she contends that this action is barred by the applicable statute of limitations.

    Plaintiff's complaint alleges that the source of our jurisdiction is as follows: "this Honorable Court has jurisdiction over the subject matter asserted in this complaint, a civil fraud committed under cover of authority, as well as various civil rights violations, and acts of public corruption . . . ."  (Compl. ¶ II (#1).)  Presumably, Plaintiff attempts to bring his claims under 42 U.S.C. § 1983, the statute under which a litigant can assert violations of, inter alia, constitutional rights.  The Constitution, however, does not create a cause of action for civil fraud, conspiracy to defraud, invasion of privacy or intentional infliction of emotional distress.  In Plaintiff's opposition, Plaintiff asserts that his lawsuit arises under the due process clause of the constitution.  As the Supreme Court observed in DeShaney v. Winnebago County Dept. of Social Services, however, the "Due Process Clause does not transform every tort committed by a state actor into a constitutional violation."  489 U.S. 189, 190 (1989).  Therefore, we conclude that Plaintiff has not alleged valid federal claims.

    Nevertheless, even if Plaintiff states a claim for a due process violation, his action would be time barred.  The applicable statute of limitations for a section 1983 claim is two years.  Nev. Rev. Stat. § 11.190(4); The Cmty. Concerning Comm. Improvement v. City of Modesto, 583 F.3d 690, 701 n.3 (9th Cir. 2009).  The only allegations in Plaintiff's complaint that could potentially support a due process claim are those regarding his lack of notice with respect to the demand letter.  Plaintiff alleges that the demand letter was sent on November 22, 2004.  (Compl. ¶ V (#1).)  Although Plaintiff alleges that Defendants illegal actions "continue to the present time," (compl. ¶ II (#1)), in determining when an act occurs for statute of limitations purposes, we look at when the 'operative decision' occurred, and separate from the operative decisions those inevitable consequences that are not separately actionable."  RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002) (quoting Chardon v. Fernandez, 454 U.S. 6, 8 (1981) (per curiam)).

    The operative decision in this case occurred in November 2004 and the statute of limitations therefore expired in November 2006.  There are no

facts alleged that would support tolling the statute of limitations.  We therefore conclude that Plaintiff's claim is barred by the applicable statute of limitations.  <u>See</u> <u>Neveu v. City of Fresno</u>, 392 F.Supp.2d 1159, 1169 (E.D.Cal. 2005)(holding that only where the facts and dates alleged in a complaint clearly demonstrate that the complaint is barred by the statute of limitations, should a motion to dismiss be granted).  In addition, we note that Plaintiff does not address the statute of limitations issue in his opposition, and therefore the objection appears to be well-taken.

    We therefore conclude that Plaintiff's complaint shall be dismissed because it does not state a federal claim and is time-barred.  If Plaintiff chooses to amend his complaint, he shall plead facts that support this court's jurisdiction over this lawsuit.  Moreover, if Plaintiff wishes to proceed under section 1983 he should plead facts demonstrating his entitlement to tolling of the statute of limitations.  If Plaintiff chooses to amend his complaint, and the amended complaint is similarly deficient no further leave to amend will be permitted.

    **IT IS, THEREFORE, HEREBY ORDERED** that Defendant's motion to dismiss (#2) is **GRANTED**.

    **IT IS FURTHER ORDERED** that Defendant's motion to strike (#9) is **DENIED** as moot.

    **IT IS FURTHER ORDERED** that Plaintiff shall have 21 days within which to file an amended complaint.

```
                              LANCE S. WILSON, CLERK
                              By         /s/
                                   Deputy Clerk
```